IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES SADLOWSKI, et al., | No. C 17-1601 CW |
| Plaintiffs, | ORDER ON MOTION TO REMAND |
| v. | (Docket No. 16) |
| PETERSEN-DEAN, INC., et al., | |
| Defendants. | |

Plaintiffs move to remand this case to state court. Defendants have filed an opposition and Plaintiffs have filed a reply. Having considered the papers submitted by the parties, the Court grants Plaintiffs' motion.

BACKGROUND

Plaintiffs make the following factual allegations in their Second Amended Complaint (2AC). Sadlowski began working for Petersen-Dean, Inc. in October 2004. She made complaints--it is not clear to whom--that James Peterson, the owner of both Defendants Petersen-Dean, Inc. and PD Solar, Inc., misused company funds and as a result failed to pay employees in a timely manner. Sadlowski then went on medical leave. She was terminated upon her return from leave, in August 2016. Plaintiff Shalina Jones, Sadlowski's daughter, began working for PD Solar in March 2007. She too was terminated in August 2016.

In February 2017, Plaintiffs filed this lawsuit in Alameda County Superior Court in California alleging violation of the California Fair Employment and Housing Act (FEHA); violation of

California Labor Code section 1102.5 prohibiting retaliation against whistleblowers; wrongful termination; violation of California Labor Code sections 201 and 203 concerning payment of wages after termination; and violation of the federal Family and Medical Leave Act (FMLA). In early March 2017, Plaintiffs filed their First Amended Complaint (1AC), which retained their federal causes of action.

On March 24, Defendants removed. On April 3, Plaintiffs' counsel transmitted a draft 2AC to Defendants' counsel dropping the FMLA claim and informing her that he intended to move for remand. The same day, Defendants' counsel responded that she believed the case would still be subject to federal jurisdiction because the Employee Retirement Income Security Act (ERISA) completely preempts state law claims based on an ERISA administrator's failure promptly to provide benefits.

On May 1, Plaintiffs filed the operative 2AC, including neither the FMLA claim nor the claim Defendants' counsel believed preempted by ERISA. The 2AC includes five claims of violations of California's FEHA; a claim of violation of California's Family Rights Act; a claim of whistleblower retaliation in violation of California Labor Code section 1102.5; and wrongful termination. Plaintiffs furthermore assert that neither seeks damages that would involve a federal question or federal preemption. Plaintiffs moved for remand on May 9.

DISCUSSION

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C.

§ 1441(a). Title 28 U.S.C. § 1447 provides that if at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). On a motion to remand, the scope of the removal statute must be strictly construed. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

The Ninth Circuit has "long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006) (per curiam). However, in Williams the district court retained diversity jurisdiction over the case after the plaintiff dismissed the sole federal claim and it was primarily on this basis that the Ninth Circuit found the district court erred by remanding. Id. at 977; see also Hill v. Rolleri, 615 F.2d 886, 889 (9th Cir. 1980) (describing rule that removability is determined based on the pleadings at the time notice of removal is filed as the "general rule in diversity cases"). Here, Plaintiffs do not allege and there does not appear to be diversity of citizenship. The court in Williams went on to hold, "Any post-removal pleadings must be treated just as they would be in a case originally filed in federal court." 471 F.3d at 977.

3

Because the original complaint and 1AC contained a federal claim, the Court has supplemental jurisdiction over Plaintiffs' state-law claims, 28 U.S.C. § 1367(a), and therefore is not required by 28 U.S.C. § 1447(c) to remand. Because an amended complaint supersedes the original, see Valadez-Lopez v. Chertoff, 656 F.3d 851, 857 (9th Cir. 2011), Plaintiffs effectively dismissed their federal claims when they filed their 2AC. A district court has discretion to decline supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir.), supplemented, 121 F.3d 714 (9th Cir.), as amended (1997). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the [United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966)] values 'of economy, convenience, fairness, and comity.'" Id. (citation omitted). The Supreme Court and the Ninth Circuit have repeatedly held that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

The Gibbs factors weigh in favor of declining to exercise supplemental jurisdiction over Plaintiffs' state law claims. Judicial economy favors remand because the case is at a very early stage. The Court has not invested significant resources in its resolution and it would not take the state court long to become

4

equally familiar with it. See GlobalSantaFe Drilling Co. v. Ins. Co. of State of Pa., 2006 WL 13090, at *7 (N.D. Cal.). State court is no less convenient. Comity favors resolution by a state court with "a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726.

Defendants essentially argue fairness, complaining that Plaintiffs dismissed their federal claims in order to secure remand to state court, and Plaintiffs admit as much. However, at least when a plaintiff did not include federal claims in "bad faith or for the sole purpose of putting defendants through the removal-remand procedure" and "moved for remand with all due speed after removal," this is a permissible tactical decision. Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490-91 (9th Cir. 1995), abrogated on other grounds by Martin v. Franklin Capital Corp., 546 U.S. 132 (2005). Here, Plaintiffs moved for remand approximately six weeks after removal and little has happened save the instant motion and Defendants' separate answers to Plaintiffs' 2AC. Defendants do not argue that Plaintiffs originally included federal claims in bad faith.

The Court finds that the balance of factors weigh in favor of declining supplemental jurisdiction over Plaintiffs' 2AC and accordingly it will grant Plaintiffs' motion to remand.

//
//
//
//
//
//

5

CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED (Docket No. 16). The clerk shall remand the case to the Superior Court of Alameda County.

IT IS SO ORDERED.

Dated: June 6, 2017

CLAUDIA WILKEN
United States District Judge